UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANNY BARTON, TRUSTEE, and INDIANA TEAMSTERS HEALTH BENEFITS FUND and INDIANA TEAMSTERS PENSION FUND, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CAUSE NO: 1:13-cv-1225- |
| vs. | ) ) ) | |
| PRECISE MATERIAL SERVICES, INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Come now the Plaintiffs, by counsel, and for their Complaint against the Defendant allege and state as follows:

1.   The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this is an action founded upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; in that Plaintiffs are aggrieved by the Defendant's violation of collective bargaining agreements, Trust Plans and Trust Agreements and the Defendant's refusal to comply with certain terms of collective bargaining agreements and the trust agreements of the Plaintiffs, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, and the terms and provisions of employee benefit plans.

2.   Plaintiffs Indiana Teamsters Health Benefits Fund (hereinafter "Health Fund") and Indiana Teamsters Pension Fund (hereinafter "Pension Fund") (collectively, the "Funds") are employee benefit plans within the meaning of Section 3(1) and (3), and Section

502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(1) and (3) and 1132. The Funds maintains their office and principal place of business in Indianapolis, Indiana.

3. Plaintiff Danny Barton is a Trustee of the Funds. Barton is a fiduciary of the Funds within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(21). Barton brings this action on behalf of the participants and Trustees of the Funds.

4. Defendant Precise Material Services, Inc. is an Indiana corporation with its principle office located in Lebanon, Indiana.

5. Defendant is an employer and is a party in interest in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(5)(11)(12) and (14) and 1059.

6. Defendant is a party to and has agreed to abide by the terms of a collective bargaining agreement.

7. The executed collective bargaining agreement contains provisions whereby Defendant agreed to make contributions on behalf of its employees to the Funds.

8. Defendant has failed to make contributions when due. Defendant continues to be delinquent in it contributions owed to the Funds. In addition, Defendant has not paid certain late charges assessed by the Funds, in accordance with the Trust documents and Fund policies.

9. Despite demands that Defendant perform its contractual and legal obligations

by making it contributions, Defendant has failed and refused to do so.

10. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1132(g)(2), to the payment of delinquent contributions and to liquidated damages and interest.

11. Plaintiffs are irreparably harmed by Defendant's failure to make contributions when due.

12. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments of 1980, to their attorney fees incurred in bringing this action against the

WHEREFORE, Plaintiffs demand the following relief:

1. A preliminary and permanent injunction requiring Defendant to make contributions to the Fund when due.

2. A judgment on behalf of Plaintiffs in a sum equal to Defendant's delinquencies to said Fund, plus interest at the statutory rate on all delinquencies, plus liquidated damages on all delinquencies at the statutory rate, plus reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. § 1132(g)(2).

3. That the Court retain jurisdiction of this cause pending compliance with its Orders.

4. For such other, further, or different relief as the Court may deem just and proper.

                Respectfully submitted,


                /s/ Geoffrey S. Lohman
                Geoffrey S. Lohman

FILLENWARTH DENNERLINE GROTH & TOWE, LLP
429 E. Vermont St., Suite 200
Indianapolis, IN  46202
Telephone:  (317) 353-9363
Fax:  (317) 351-7232
E-mail:  glohman@fdgtlaborlaw.com


p/2393gl
p/180/je